No. 25-1516

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

AVANRU DEVELOPMENT GROUP, LTD.

Plaintiff – Appellant,

v.

TOWN OF SWANZEY, NH, Zoning Board of Adjustment and Planning Board;
ANN KARASINSKI, Zoning Board of Adjustment member, in both the individual
and official capacities; ADAM MULHEARN, Zoning Board of Adjustment
member, in both the individual and official capacities; BRYAN RUDGERS,
Zoning Board of Adjustment member, in both the individual and official
capacities; ROBERT MITCHELL, Zoning Board of Adjustment member, in both
the individual and official capacities; RICHARD LANE, Planning Board member,
in both the individual and official capacities; JANE JOHNSON, Planning Board
member, in both the individual and official capacities; STEVE MALONE,
Planning Board member, in both the individual and official capacities;
SYLVESTER KARASINSKI, Planning Board member, in both the individual and
official capacities; MATTHEW BACHLER, Director of Planning & Economic
Development, in the former official capacity,

Defendants – Appellees.

_____

On Appeal from the United States District Court for the
District of New Hampshire

_____

**REPLY BRIEF OF APPELLANT
AVANRU DEVELOPMENT GROUP, LTD.**

Counsel for Appellant:
Robert H. Miller (Bar No. 6578)
James P. Harris (Bar No. 100058)
Sheehan Phinney Bass & Green, P.A.
1000 Elm Street, Manchester, NH 03105-3701
(603) 627-8145; (603) 627-8152
rmiller@sheehan.com; jharris@sheehan.com

**<u>TABLE OF CONTENTS</u>**

<u>**Page**</u>

TABLE OF AUTHORITIES ................................................................... ii

ARGUMENT ...................................................................................... 1

I. **The Dismissal of Avarnu's Equal Protection Claim Should Be Reversed** ..................................................................................... 1

    A. An Equal Proection Claim Is Different Than a Substantive Due Process Claim ............................................................ 1

    B. Appellees Advocate for a Narrowing of Unlawful Discrimination .............................................................. 2

    C. There Is No "Additional" Element To Prove .......................... 3

II. **Appellees' Forcing Avanru to Endure Two Appeals in State Court Does Not Immunize the Initial Unlawful Denial of the Special Exception** ......................................................................... 4

CONCLUSION .................................................................................... 7

CERTIFICATE OF COMPLIANCE ........................................................ 7

CERTIFICATE OF SERVICE ............................................................... 8

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Barrington Cove, Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp.*, ............... 2, 3
246 F.3d 1 (1st Cir. 2001)

*Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir. 1982)................. 1, 2

*David Hill Dev., Ltd. Liab. Co. v. City of Forest Grove,*................................ 5
688 F. Supp. 2d 1193 (D. Or. 2010)

*Davis v. Coakley, 802 F.3d 128, 133 (1st Cir. 2015)* ...................................... 3

*Farrar v. Hobby, 506 U.S. 103, 112, (1992)* ..................................................... 5

*McCoy v. Town of Pittsfield*, 59 F.4th 497, 509 (1st Cir. 2023)....................... 3

*Memphis County School Dist. v. Stachura*, 477 U.S. 299, 205-06 (1986)....... 5

*N.R. v. Raytheon Co.*, 24 F.4th 740 (1st Cir. 2022)......................................... 1

*Rubinovitz v. Rogato*, 60 F.3d 906 (1st Cir. 1995) ....................................... 2, 3

*SBT Holdings, LLC v. Town of Westminster*, 547 F.3d 28 (1st Cir. 2008)....... 3

*Siegmond v. Fedor*, No. 3:CV-01-2266, 2004 ................................................. 5
U.S. Dist. LEXIS 12011, * 15-16 (M.D. Pa. June 29, 2004)

*Wadsworth v. Nguyen*, 129 F.4th 38, 54 (1st Cir. 2025) ................................. 2

## <u>Statutes</u>

42 U.S.C. §1983 ..................................................................................................2, 5

**ARGUMENT**

**I. The Dismissal of Avanru's Equal Protection Claim Should Be Reversed.**

*A. An Equal Protection Claim Is Different Than a Substantive Due Process Claim.*

Neither the District Court nor Appellees undertakes any substantive analysis of Appellant's equal protection claim. In the months surrounding Appellant Avanru Development Group, Ltd.'s ("Avanru") efforts to develop its properties, other developers with essentially identical projects[1] were not subjected to the same (or even remotely similar) treatment by the Planning Board and Zoning Board. Even this Court in *Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir. 1982) acknowledged that a fact pattern might not satisfy this Court's standard for substantive due process claims, but it might still present a viable equal protection violation. *Id*. at n.9 ("A different situation may be presented in some instances, particularly in the realm of equal protection, involving gross abuse of power, invidious discrimination, or fundamentally unfair procedures."). The District Court undertook no analysis

---

[1] Avanru describes in great detail in its Complaint how three other projects compared to Avanru's projects. While Avanru's presentation is sufficient on its own, the conclusion that Avanru's equal protection claim should survive is only bolstered by the reasonable inferences from that presentation, which should be taken in Avanru's favor at this stage in the proceeding. *N.R. v. Raytheon Co.*, 24 F.4th 740 (1st Cir. 2022).

of Avanru's equal protection claim, effectively conflating the substantive due process test without examining the equal protection claim on its own merit. The plaintiff in *Creative Env'ts*. lacked the type of comparison to other developers that Avanru presents in this case, which includes the gross abuse of power, invidious discrimination, and fundamentally unfair process that even the *Creative Env'ts*. court recognized as viable.

### B.   Appellees Advocate for a Narrowing of Unlawful Discrimination.

Appellees argue that discrimination to thwart affordable or workforce housing could never support a claim under 42 U.S.C. §1983.  They overlook that courts consistently identify the types of actionable discrimination through non-exhaustive lists of examples, to afford courts flexibility to adjudge the varied ways in which state actors can infringe upon constitutionally protected rights.  For example, in *Barrington Cove, Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp.*, 246 F.3d 1 (1st Cir. 2001), this Court described the contours of the types of discrimination in equal protection claims as follows:

> In order to establish its claim, however, Barrington needed to allege facts indicating that, "compared with others similarly situated, [it] was selectively treated . . . based on impermissible considerations ***such as*** race, religion, intent to inhibit or punish the exercise of constitutional rights, ***or*** malicious or bad faith intent to injure a person."

*Id*. at 7 (quoting *Rubinovitz*, 60 F.3d 906, 909-10 (1st Cir. 2001)) (emphasis added; citations omitted); *see also Wadsworth v. Nguyen*, 129 F.4th 38, 54 (1st

Cir. 2025); *McCoy v. Town of Pittsfield*, 59 F.4th 497, 509 (1st Cir. 2023); *Davis v. Coakley*, 802 F.3d 128, 133 (1st Cir. 2015).

In this case, the District Court did not explain why discrimination against affordable or workforce housing projects, and those who would occupy them, could not support viable claims, and there is no justification for dismissing Avanru's Complaint on that basis.

### C. There Is No "Additional" Element To Prove.

Appellees also incorrectly posit that Avanru must prove impermissible considerations ***and*** additionally prove a malicious bad faith intent to injure. Appellees' Br. at 22 ("The First Circuit has adopted an additional requirement…") (citing *SBT Holdings, LLC v. Town of Westminster*, 547 F.3d 28 (1st Cir. 2008)). *SBT Holdings* referred to *Barrington Cove* when identifying the elements of a claim. In *Barrington Cove*, this Court did not present "malicious bad faith intent to injure" as an ***additional*** element of a plaintiff's claim. Rather, "malicious bad faith intent to injure" is one way, among a list of others, to prove violation of the right to equal protection. This Court chose the word "or" (as opposed to "and") when describing the test. *Barrington Cove*, 246 F.3d at 7 ("… based on impermissible considerations ***such as*** race, religion, intent to inhibit or punish the exercise of constitutional rights, ***or*** malicious or bad faith intent to injure a person.") (quoting *Rubinovitz*,

60 F.3d at 909-10) (emphasis added; citations omitted). The District Court also referred to this nonexistent "additional element" twice in its decision, and it erred in doing so. *See* District Court Order, Add. at 60, 67. The District Court should be reversed because it required of Avanru something not actually required for an equal protection claim.

**II. Appellees' Forcing Avanru to Endure Two Appeals in State Court Does Not Immunize the Initial Unlawful Denial of the Special Exception.**

Appellees argue that no claim could include the consequences of the years of delay that flowed from the unlawful, discriminatory denial of the special exception for the Airport Project, because, as they claim, they merely participated in the appeals process through the New Hampshire Superior Court and New Hampshire Supreme Court. Appellees attempt to misdirect from the essence of Avanru's claim. The unlawful "procedural irregularity" occurred at the Zoning Board, when Appellees treated Avanru differently from other similarly situated developers and created entirely new standards just to derail Avanru. The unlawful conduct at the Zoning Board required Avanru to appeal to the Superior Court, which reversed the Zoning Board and admonished against zoning via a popularity contest, only to suffer its persistence at the Planning Board. Because Appellees decided to appeal to the Supreme Court, Avanru was forced to continue to litigate over the initial deprivation of its rights

that occurred at the Zoning Board.  All the while, Avanru could not develop the parcel.

The unlawful denial at the Zoning Board caused the two appeals, and Appellees provide no sound reason to be excused (at the dismissal stage) from the consequences flowing naturally from the initial unlawful misconduct.  The United States Supreme Court describes 42 U.S.C. § 1983 as creating a species of tort liability to compensate persons who have been "deprived of the rights, privileges, or immunities secured to them by the Constitution."  *Memphis County School Dist. v. Stachura*, 477 U.S. 299, 205-06 (1986); *see also Farrar v. Hobby*, 506 U.S. 103, 112, (1992) ("Doubtless the basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights.").  In substantive due process and equal protection claims, those damages can include compensation for the loss of use of property, which is what Avanru experienced as a result of the unlawful Zoning Board decision, as perpetuated through two appeals.  *See Siegmond v. Fedor*, No. 3:CV-01-2266, 2004 U.S. Dist. LEXIS 12011, * 15-16 (M.D. Pa. June 29, 2004) (due process claim); *David Hill Dev., Ltd. Liab. Co. v. City of Forest Grove*, 688 F. Supp. 2d 1193 (D. Or. 2010) (equal protection claim).  Avanru's Complaint should not be dismissed because it includes the period of time during which it was deprived of use of the Airport Property.  Adopting

Appellees logic would allow state actors to whitewash their violations of the Constitution simply by forcing plaintiffs to participate in a state's appellate process.

Appellees' argument only highlights the insufficiency of the available state court processes to remedy violations of constitutional rights (at least on these facts). Avanru was forced to endure multiple rounds of litigation, all flowing from an initial discriminatory decision at the Zoning Board, a decision that was perpetuated through two levels of New Hampshire's court system. That process, while focused on whether the special exception should have been granted, leaves Avanru without meaningful recourse for the financial consequences of depriving Avanru of its constitutional rights. The statutes cited by Appellees that could theoretically reimburse Avanru for attorneys' fees incurred in that process do not account for the significant losses Avanru suffered when development costs skyrocketed as Appellees perpetuated their discriminatory denial of the special exception – the loss of use of the property. As indicated in Avanru's brief, the lack of meaningful remedy for monetary losses suffered as a result of constitutional violations suggests that the logic of *Creative Env'ts* should not vitiate Avanru's right to substantive due process.

## Conclusion

For the reasons stated, this Court should reverse the District Court's dismissal of Appellant's Complaint.

Respectfully submitted,

Avanru Development Group, Ltd.

By its counsel,

November 6, 2025
/s/ James P. Harris
Robert H. Miller (Bar No. 6578)
James P. Harris (Bar No. 100058)
Sheehan Phinney Bass & Green, P.A.
1000 Elm Street, P.O. Box 3701
Manchester, NH 03105-3701
(603) 627-8145; (603) 627-8152
rmiller@sheehan.com; jharris@sheehan.com

## CERTIFICATE OF COMPLIANCE

This brief complies with Fed. R. App. P. 32(a)(7)(B)(1) because, excluding parts of the brief exempted by Fed. R. App. P. 32(f), it contains 1430 words. The brief complies with the typeface and typestyle requirements of Fed. R. App. P. 32(a)(5)-(6) because it was prepared in proportionally spaced 14-point Times New Roman font.

November 6, 2025
/s/James P. Harris
James P. Harris

**CERTIFICATE OF SERVICE**

I certify that on November 6, 2025, I caused to be electronically filed the foregoing brief with the United States Circuit Court of Appeals for the First Circuit. I certify that the following parties or their counsel of record are registered as ECF filers and will be served via the CM/ECF System:

Town of Swanzey, NH Zoning Board, Town of Swanzey, NH Planning Board, Ann Karasinski, Adam Mulhearn, Bryan Rudgers, Robert Mitchell, Richard Lane, Jane Johnson, Steve Malone, Sylvester Karasinski, and Matthew Bachler.


November 6, 2025          /s/James P. Harris
                          James P. Harris